CASE 50—PETITION  EQUITY—FEBRUARY 21.

# Bowling's Adm'rs v. Shepherd.

### APPEAL FROM CARTER CIRCUIT COURT.

DECEDENTS' ESTATES—EXEMPTIONS TO WIDOW.—Where the articles of personal property belonging to the estate of a decedent, which are directed by statute to be set apart to the widow as exempt, are not on hand, she is not entitled to their value out of the real estate. The statute, in directing that the widow shall have the value of such articles out of "other property," refers to personal property.

E. F. DULIN, J. D. JONES FOR APPELLANTS.

1. The fact that no copy of the appraisement or oath of appraisers appears in the record does not invalidate the sale. It is to be presumed that the sheriff did his duty. (Knight & Whitman's Case, 6 Bush, 54.)
2. The sheriff had the right to sell under his levy after the return day. (Colyer v. Higgins, 1 Duv., 7.)
3. The appellee had no right to any part of the rents.
4. Where the property which the statute directs to be set apart to the widow is not on hand, its value can not be made up out of the real estate.
5. If the sale was not valid, yet the appellants had a superior lien by the levy of their executions during Shepherd's life-time, and if there is to be a sale of the property, it must first be sold to pay appellants. (Burg v. Brown, 5 Bush, 539.)

R. C. BURNS FOR APPELLEE.

1. As no appraisement in writing was returned as required by law, and the sale was made long after the return day, it was invalid.
2. If appellant has a lien upon the property in controversy, it is inferior to appellee's, because appellee had a vested title to the specific articles then exempted from execution and seizure by creditors, and if not on hand, a vested right to have them set apart. (Crabtree's Adm'r v. Crabtree's Adm'r, MS. Op., Superior Court, March 12, 1890.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

B. F. Shepherd's real estate was sold under executions in favor of the appellants' intestates, which was purchased by them, but no deed was made to the

purchasers. Thereafter, B. F. Shepherd and the pur-
chasers having died, the appellee, widow of B. F.
Shepherd, in an action to settle B. F. Shepherd's
estate as an insolvent estate, claimed out of the real
estate the value of her dower in said real estate in
money, and the value of the personal property which
she was entitled to have set apart to her, but which
was not on hand. The lower court allowed the ap
pellants a lien on said real estate for the respective
amounts of their executions, subject to the value of
the appellee's dower and one-third of rents while
said estate was in the hands of the receiver, to which
the appellants do not except. The court also allowed
the appellee about one hundred and ninety-seven
dollars in lieu of personal property not on hand, to
be paid out of the purchase money of said real es-
tate, and to be of equal dignity with the lien of the
appellants, to which the appellants except.

The court seemed to go upon the idea that the
statute exempting in favor of the widow certain arti-
cles of property, if on hand; if not, their value
"in other property or money," included real as well
as personal estate. This is certainly not so; for the
real estate descends directly to the heirs-at-law, the
title to which *eo instanti* with the death of the in-
testate passes to said heirs; and it is presumed that
if the Legislature had meant to subject this estate to
the payment of the deficiency of personal estate re-
quired to be set apart to the widow, appropriate
words would have been used for that purpose; but
the words employed do not mean that. The exemp-
tion in favor of the widow is certain articles of per-

sonal property, and the expression, "other property," certainly refers to personal property that may be on hand.

The levy of said executions was valid, but the proceedings thereafter had were irregular; consequently, the court only allowed a lien on the land, to which the appellants did not except, but only excepted to the action of the court in reference to said matter of one hundred and ninety-seven dollars, which was error, and the judgment as to that matter is reversed.

Case 51—PETITION EQUITY—February 21.

